UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHRYN P. ZIMMERMAN


                                    Plaintiff,

                 -v-                                          3:20-CV-892

CORNELL OUTDOOR EDUCATION;
CORNELL UNIVERSITY; and BLACK
DIAMOND EQUIPMENT, LTD.

                            Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


APPEARANCES:                                    OF COUNSEL:

BARRY, McTIERNAN & WEDINGER, P.C.               RICHARD W. WEDINGER, ESQ.
Attorneys for Plaintiff
10 Franklin Avenue
Edison, New Jersey 08837


BARRY, McTIERNAN LAW FIRM                       SUZANNE M. HALBARDIER, ESQ.
Attorneys for Plaintiff
101 Greenwich Street 14th Floor
New York, New York 10006


CORNELL UNIVERSITY OFFICE OF COUNSEL            CONRAD R. WOLAN, ESQ.
Attorneys for Defendants Cornell Outdoor        VALERIE L. DORN, ESQ.
Education and Cornell University                 ADAM PENCE, ESQ.
300 CCC Building
235 Garden Avenue
Ithaca, New York 14853


LITTLETON, JOYCE LAW FIRM-PURCHASE              ROBERT L. JOYCE, ESQ
Attorneys for Defendant Black Diamond
Equipment, Ltd.
4 Manhattanville Road, Suite 202
Purchase, New York 10577


DAVID N. HURD
United States District Judge

<u>**MEMORANDUM–DECISION and ORDER**</u>

**I.**   <u>**INTRODUCTION**</u>

On September 26, 2017, plaintiff Kathryn Zimmerman ("Zimmerman" or "plaintiff") was injured when she fell from a rock-climbing wall.  Plaintiff places part of the blame for her fall on defendant Black Diamond Equipment, Ltd. ("Black Diamond").  Black Diamond manufactures and markets the belay device—a safety mechanism used to secure a rock climber to a belayer on the ground below—that she trusted to keep her safe as she climbed. Black Diamond has moved to dismiss her claims against it under Federal Rule of Civil Procedure ("Rule") 12(b)(2) for a lack of personal jurisdiction.  That motion, having been fully briefed, will now be decided on the basis of the parties' submissions without oral argument.

**II.**   <u>**BACKGROUND**</u>

At all times relevant to this case, Zimmerman was enrolled as a student with defendant Cornell University.  *See* Dkt. 1 ("Compl.") ¶ 9.  In addition to her studies, plaintiff took up rock climbing as a hobby in April of 2015.  *Id.* ¶ 19.  In particular, plaintiff favored climbing at the Lindseth Climbing Center (the "Lindseth Center") on Cornell University's campus.  *Id.* ¶ 18. According to plaintiff, the Lindseth Center was owned and operated either by Cornell University itself or by defendant's offshoot Cornell Outdoor Education (together "Cornell").  *Id.*

On September 26, 2017, Zimmerman engaged in a form of climbing called lead rock climbing at the Lindseth Center.  Compl. ¶ 12.  A fellow student, Parley Hannan ("Hannan"), allegedly agreed to operate the belay device for plaintiff's climb.  *Id.*  Both Hannan and plaintiff were experienced climbers who worked as "Wall Monitors," employees of the Lindseth Center tasked with ensuring that students used proper equipment and techniques to ensure safety.  *Id.* ¶¶ 12, 23.

Zimmerman claims that Hannan brought her own belay equipment on September 26, 2017, which apparently Cornell policy permitted.  Compl. ¶¶ 14, 22.  As might be guessed, plaintiff alleges that Hannan's belay device was of Black Diamond's making.  *Id.* ¶ 15.

As Zimmerman was climbing the wall, she claims that Hannan's hand got "pulled into and pinched by" the belay device, causing her to drop the rope.  Compl. ¶ 16.  Suddenly unmoored from the climbing wall, plaintiff fell thirty-six feet to the ground.  *Id.* ¶ 17.  According to plaintiff, she suffered three compression factures, a concussion, and now suffers from post-traumatic stress disorder as a result of her fall.  *Id.* ¶ 1.

On August 7, 2020, Zimmerman filed a complaint in this District alleging several claims under New York state law and claiming diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1.  On September 21, 2020, Cornell answered plaintiff's complaint and filed a crossclaim against Black Diamond.  Dkt. 8.  On November 5, 2020, Black Diamond filed a motion to dismiss plaintiff's complaint, citing a lack of personal jurisdiction under Rule 12(b)(2).  Dkt. 13.  Cornell and plaintiff both opposed Black Diamond's motion, and plaintiff also cross-moved to transfer the case to the District of Utah if this Court finds personal jurisdiction lacking.  Dkts. 16; 17.

### III.   **LEGAL STANDARD**

If a defendant calls personal jurisdiction into question under Rule 12(b)(2), the burden of establishing jurisdiction falls to the plaintiff.  *Nat'l Elec. Sys., Inc. v. City of Anderson*, 601 F. Supp. 2d 495, 497 (N.D.N.Y. 2009) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  To carry that burden, the plaintiff must "allege facts constituting a prima facie showing of personal jurisdiction." *Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497 (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1106 (2d Cir.1997)).  At this early stage, all pleadings and factual ambiguities are construed in the plaintiff's favor.

3

*Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497 (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994)).

However, the same is not true of argumentative inferences, nor will the court "accept as true a legal conclusion couched as a factual allegation[.]"  *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal citations and quotation marks omitted).  Moreover, on a motion to dismiss pursuant to Rule 12(b)(2), courts may consider materials outside the pleadings "without converting [the] motion . . . into a motion for summary judgment."  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

Using those materials, a court must determine whether the plaintiff has made "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (cleaned up) (internal citations and quotation marks omitted).

## IV.  **DISCUSSION**

Zimmerman argues that this Court has both general and specific personal jurisdiction over Black Diamond.  However, Cornell only argues for specific personal jurisdiction.  Absent directives from federal law, "federal courts are to apply the personal jurisdiction rules of the forum state[.]"  *Penguin Grp.*, 609 F.3d at 35.  New York allows for general jurisdiction through New York Civil Practice Law and Rules § 301 ("§ 301").  Alternatively, New York's specific personal jurisdiction statute is New York Civil Practice Law and Rules § 302 ("§ 302").

However, it is not enough that statutory authority exists to bring the defendant within the forum's authority.  Even if the long-arm statute of a state permits personal jurisdiction, exercising jurisdiction must still comport with due process as guaranteed by the Constitution

of the United States.  *See Penguin Grp.*, 609 F.3d at 35 (noting that forum state's personal

jurisdiction rules apply "provided that those rules are consistent with the requirements of Due

Process").  Accordingly, the Court will assess whether Zimmerman has established general

personal jurisdiction under § 301 and the due process clause before inquiring as to whether

she has established specific personal jurisdiction under § 302 within those same limits.

### A. General Personal Jurisdiction.

General personal jurisdiction exists if a defendant's contacts with a forum state are so

extensive that the forum is empowered to hear any case regarding that defendant, even if the

case is unrelated to those contacts.  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d

560, 568 (2d Cir. 1996).  Under New York law, § 301 confers general personal jurisdiction

where a company "has engaged in such a continuous and systematic course of 'doing

business' in New York that a finding of its 'presence' in New York is warranted."  *Sonera

Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (cleaned up) (citing

*Landoil Res. Corp. v. Alexander & Alexander Servs.*, 565 N.E.2d 488, 490 (N.Y. 1990)).

"The test for 'doing business' is a simple and pragmatic one, which varies in its

application depending on the particular facts of each case."  *Landoil*, 565 N.E.2d at 490

(cleaned up) (citing *Bryant v. Finnish Nat'l Airline*, 208 N.E.2d 439, 441 (N.Y. 1965)).  At

bottom, a defendant is present in New York for the purposes of general jurisdiction if its

contacts with that state are not occasional or casual, but instead involve a fair measure of

permanence and continuity.  *Landoil*, 565 N.E.2d at 490.

Zimmerman argues that Black Diamond has sufficiently permanent and continuous

contacts with the state of New York to merit general personal jurisdiction attaching to it in this

state.   But she fails to point out what precisely those contacts are.  Instead, she argues

broadly that "[t]he exercise of general personal jurisdiction is appropriate given [that] Black

Diamond has sufficient minimum contacts with New York such that the maintenance of this action in New York comports with traditional notions of fair play and substantial justice."

In the face of Zimmerman's muted showing for general personal jurisdiction, the Court is left to consider the available evidence on its own.  Even viewing the pleadings and factual ambiguities in the light most favorable to her, plaintiff has failed to make an averment of facts sufficient to render general personal jurisdiction plausible.

According to an affidavit submitted by Black Diamond's Vice President of Finance, Bill Ayers ("Ayers"), Black Diamond is headquartered in Salt Lake City, Utah, and incorporated under Delaware law.  Dkt. 13-6, ¶¶ 2, 5-6.  That company has no relationship, whether through ownership, lease, or possession, with any real or personal property in New York. *Id.* ¶¶ 7, 11.  Neither does it have any employees, agents, bank accounts, or means of contact specific to New York.  *Id.* ¶¶ 8-10, 12.  In fact, the only evidence that could conceivably point to a permanent and continuous presence in New York by Black Diamond is its operating a website and generating revenue in this state.  *Id.* ¶¶ 13-19.

But even that presence is mitigated.  Ayers has averred that the company's website does not specifically target New York customers.  Dkt. 13-6, ¶ 13.  Moreover, Ayers swears in his affidavit that New York has not represented more than 2.4% of Black Diamond's yearly United States revenue since 2017 at the latest.  *Id.* ¶¶ 16-19.  Zimmerman has pointed to no evidence contrary to Black Diamond's showing.

In light of this evidence, Zimmerman's showing of general personal jurisdiction cannot be enough.  Given the relatively muted frequency of Black Diamond's New York sales and contacts, those contacts strike the Court as opportunistic and sporadic, rather than permanent and continuous.  *Landoil*, 565 N.E.2d at 490.  Therefore, plaintiff has failed to make a legally sufficient showing of general personal jurisdiction over Black Diamond under

§ 301.  *See, e.g.*, *Indemnity Ins. Co. v. K-Line Am., Inc.*, 2007 WL 1732435, at *3-7 (S.D.N.Y. June 14, 2007) (finding no general personal jurisdiction based only on advertising in New York and website containing locations of retailers who carry defendant's products).

In any case, even if § 301 did permit general personal jurisdiction over Black Diamond, the due process clause would not.  "For an individual, the paradigm forum for the exercise of general jurisdiction [comporting with due process] is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."  *Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017).

Of course, "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  *Sonera*, 750 F.3d at 225 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014)).  Instead, the affiliations capable of supporting general jurisdiction "have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."  *Sonera*, 750 F.3d at 225.

There are simply no "unique," "easily-ascertainable" contacts that indicate that Black Diamond is at home in New York.  *Sonera*, 750 F.3d at 225.  Accordingly, general personal jurisdiction cannot attach based on Zimmerman's showing, and she must prove specific personal jurisdiction before this Court for her claims against Black Diamond to survive.  *See, e.g.*, *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 104-05 (S.D.N.Y. 2015) (finding no general personal jurisdiction under § 301 and due process clause based on ticket purchases in New York from defendant's website).

## B. <u>Specific Personal Jurisdiction.</u>

To establish personal jurisdiction under § 302(a)(1), a plaintiff must demonstrate that: "(1) [t]he defendant . . . transacted business within the state; and (2) the claim asserted . . .

7

arise[s] from that business activity." *Solé Resort, S.A. v. Allure Resorts Management, LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted).  A defendant need not be physically present in New York to transact business in that state, so long as that defendant engages in "[p]urposeful activities" or "volitional acts" through which the defendant "avails [it]self of the privilege of conducting activities within the . . . [s]tate, thus invoking the benefits and protections of its laws[.]"  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010) (internal citations and quotation marks omitted).

In analyzing a defendant's contacts, it is the "nature and quality" of the contacts that matter, and as such "[r]andom, fortuitous, or attenuated" contacts are insufficient to establish jurisdiction under § 302(a)(1).  *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 338-39 (S.D.N.Y. 2016) (internal quotation marks omitted).  As a result, "[a] single sale may be sufficient provided that the defendant's activities were purposeful and there was a substantial relationship [or nexus] between the transaction and the claim asserted."  *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) (internal citations omitted).

More specifically, courts in this Circuit have typically held that a defendant's maintenance of an "interactive" website which permits the exchange of information between viewers of the site and a defendant, "generally allow[s] for the exercise of jurisdiction" under § 302(a)(1).  *See, e.g.*, *RVDirect.com v. Worldwide RV*, 2010 WL 5391535, at *5 (N.D.N.Y. Dec. 21, 2010) (citing *Hsin Ten Enter. USA v. Clark Enter.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000)).  Nevertheless, courts typically look for some evidence of purposeful availment beyond the mere existence of an interactive website in deciding the issue of personal jurisdiction.  *RVDirect.com*, 2010 WL 5391535, at *5.

Both Zimmerman and Cornell argue that specific personal jurisdiction over Black Diamond is proper in New York.  Together, plaintiff and Cornell point to six contacts that, in

their minds, allow for jurisdiction.  First, Zimmerman argues that Black Diamond consented to personal jurisdiction in the Southern District of New York in another case.  Dkt. 16-7. Second, Cornell argues that Black Diamond sponsors rock climbing events in New York State.  Dkt. 17-5, p. 2.  Third, plaintiff argues that Cornell has produced instructional videos on the use of Black Diamond's products, apparently arising from the "close" relationship between the two entities.

Fourth, Zimmerman and Cornell both note that Black Diamond sells its products to retailers in New York, who then sell those products to New York customers.  Fifth, both plaintiff and Cornell point out that Black Diamond's website both allows customers—including New Yorkers—to purchase its equipment directly and directs those potential customers to nearby "authorized retailers," including retailers in New York.  Dkt. 17-4, p. 2.  Sixth and finally, both Cornell and plaintiff argue that Black Diamond's revenue in New York allows for personal jurisdiction.  Although Cornell acknowledges that Ayers affirmed that those sales amounted to no more than 2.4% of Black Diamond's total United States revenue, Cornell nevertheless argues that Ayers' affidavit lacks supporting documentation.  Dkt. 13-6, ¶¶ 16-19.

The first argument of Black Diamond's apparent consent to personal jurisdiction in New York in another case must be disregarded.  After all, "[a] party's consent to jurisdiction in one case . . . extends to that case alone.  It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given[.]"  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestrione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir. 1991).  Black Diamond's consent to suit in the Southern District of New York in another case for the limited purpose of agreeing to a settlement is therefore beside the point.

9

The second argument, advanced by Cornell alone, fares little better.  Although it is possible that sponsoring an event in New York may constitute transacting business, there is no evidence whatsoever that this case arose from that business.  *Solé Resort*, 450 F.3d at 103.  Nowhere in the record or the pleadings is there any support for the notion that anyone involved with the September 26, 2017 accident, be it Zimmerman who fell, Hannan who allegedly dropped her, or Cornell who allegedly owns the premises where the accident occurred, attended the event Cornell identifies.  *See* Dkt. 17-5, p. 2.  Moreover, the apparently sponsored event took place on November 4, 2017, some two months after plaintiff's accident.  *Id.*  Plaintiff's or Cornell's ability to prove that the accident arose from this event therefore approaches impossibility, and this argument does not render personal jurisdiction plausible.

Zimmerman next argues that Cornell has a close relationship with Black Diamond, and thus provided educational videos in New York demonstrating how to use Black Diamond's belay device.  But the wall plaintiff runs into is that there is no evidence available of that relationship.  Similarly, plaintiff's complaint is silent as to any relationship between Cornell and Black Diamond.  In the absence of anything affirmatively tying Black Diamond to Cornell's video, that video does not constitute a volitional act traceable to Black Diamond, rather than Cornell.  *Chloé*, 616 F.3d at 169.  Accordingly, plaintiff has once again failed to establish personal jurisdiction over Black Diamond through Cornell's instructional videos.

But Zimmerman and Cornell's remaining three arguments all require a different tack.  Operating a website from which New Yorkers can purchase Black Diamond's belay devices could have produced the "single sale" necessary to allow for personal jurisdiction.  *See Spin Master*, 463 F. Supp. 3d at 363.  In addition, the website's interactivity could lend itself to personal jurisdiction, provided that plaintiff were to show some manner of purposeful

availment on Black Diamond's part in relation to the website.  *RVDirect.com*, 2010 WL 5391535, at *5.

The same could be said of selling products through distributors, especially when Black Diamond's website guides viewers to those distributors.  *Cf. Orbit Irrigation Prods., Inc. v. Melnor, Inc.*, 2017 WL 1274043, at *2-4 (D. Utah, Apr. 4, 2017) (finding personal jurisdiction under due process clause when defendant sold product through online distributors and defendant's website contained links to those distributors).  The first element of specific personal jurisdiction under § 302(a)(i), Black Diamond's transacting business within New York, is therefore met through any of plaintiff's and Cornell's final three arguments.  *Solé Resort*, 450 F.3d at 103.

However, for each of these arguments the analysis becomes decidedly murkier on the second element:  that the injury arose from that contact.  *Solé Resort*, 450 F.3d at 103.  The Black Diamond belay device that allegedly caused Zimmerman's injury belonged to Hannan. This much, we know.

But that is all that we know.  There is no evidence in the record as to where Hannan purchased the belay device.  Even the complaint is silent as to when and where that apparently troublesome product entered the story.  It is possible that she purchased the device in New York, in which case one of the three contacts that plaintiff and Cornell have identified was very likely the cause of her ability to purchase it.  Yet it is just as possible that Hannan purchased the device elsewhere, in which case the requisite nexus between Black Diamond's contacts with New York and plaintiff's injury evaporates.  Accordingly, Zimmerman has failed to demonstrate that she has plausibly alleged facts giving rise to specific personal jurisdiction under § 302(a)(1).

But that does not end the inquiry.  In the alternative, Zimmerman argues that jurisdiction is also proper under § 302(a)(3)(ii).  The plaintiff must prove five elements to establish jurisdiction under § 302(a)(3)(ii):  "(1) the defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; [and] (5) the defendant derives substantial revenue from interstate or international commerce."  *Solé*, 450 F.3d at 106 (citing *LaMarca v. Pak-Mor Mfg. Co.*, 735 N.E.2d 883, 886 (N.Y. 2000)).

Assuming the allegations of the complaint to be true, Black Diamond committed a tort by manufacturing a faulty belay device.  Compl. ¶¶ 15-17.  Moreover, that defect caused injury to a person in New York state.  *Id.* ¶¶ 4, 9, 12, 17.  Accordingly, Zimmerman has met the first, second, third, and fifth elements of specific personal jurisdiction under § 302(a)(3)(ii).

However, even assuming—but without deciding—that Zimmerman and Cornell's presented contacts between Black Diamond and New York satisfy the fourth element of a reasonable expectation of consequences in this state on Black Diamond's part, they cannot establish on their present showing that specific personal jurisdiction would comport with due process.

To satisfy due process for specific personal jurisdiction, a plaintiff must first demonstrate that the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted).  It is "insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff with the forum to establish

12

specific jurisdiction." *U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019).

"Nor is it sufficient for a plaintiff to show simply that a defendant's actions caused an 'effect' in the forum state where the defendant has not expressly aimed its conduct at the forum." *U.S. Bank*, 916 F.3d at 151 (internal citations and quotation marks omitted). In a case involving the flow of commerce into a state, "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where [it] can be said to have targeted the forum[.]" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).

If a plaintiff makes that showing, the second step tasks her with demonstrating that "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *In re Terrorist Attacks*, 714 F.3d at 674 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Finally, for the third step, the Court "considers those contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *U.S. Bank*, 916 F.3d at 151 (internal citations and quotation marks omitted). For specific jurisdiction, those factors are: (1) the defendant's burden; (2) the interests of the forum State; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in efficient resolution; and (5) public policy. *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987).

The second step, calling for a nexus between Black Diamond's contacts and Zimmerman's injury, precludes plaintiff from establishing personal jurisdiction on her present showing. Again, it is possible that Black Diamond's sales contacts with New York resulted in Hannan using the allegedly faulty belay device on September 26, 2017. But there is no evidence and there are no allegations that that is the case. Accordingly, plaintiff has failed to

13

establish specific personal jurisdiction for her claim against Black Diamond.  Personal jurisdiction is therefore lacking on the record at present.

Which leads to the question of what the Court must do with Zimmerman's presently inadequate showing.  To that end, "[e]ven where [the] plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record."  *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)).  But a plaintiff must still make a "sufficient start toward establishing personal jurisdiction" in order for discovery to become available to her.  *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 70-71 (E.D.N.Y. 2006).

On this record, Zimmerman has made that sufficient start toward proving jurisdiction. *Hollins*, 469 F. Supp. 2d at 70-71.  She has provided contacts between Black Diamond and New York that could conceivably allow for personal jurisdiction over the company if she can connect those contacts to her injury.  That start allows her an opportunity to conduct discovery to bolster her claims of personal jurisdiction.  However, the jurisdictional question in this case is uniquely simple.  The only variable is where Hannan purchased the belay device that plaintiff blames for causing her to fall on September 26, 2017.  Thus, rather than turn the parties loose for full jurisdictional discovery, a more restrained approach is warranted in this case.

Accordingly, Zimmerman is directed to submit an affidavit by Pannan no later than Tuesday, January 26, 2021.  In that affidavit, she shall aver to whether she purchased the belay device in New York state, or ordered that device from Black Diamond's website while in this state and had it shipped from Black Diamond to New York.  That affidavit shall be

accompanied by any supporting documentation at Pannan's disposal that shows a location of purchase. Should that affidavit not follow, or should Pannan not have purchased or ordered the belay device while in New York, Black Diamond shall be permitted to renew its motion to dismiss. However, if an affidavit from Pannan shows a purchase or order of Black Diamond's device within New York, Black Diamond may take a deposition of Pannan for the limited purpose of questioning the basis of jurisdiction no later than Tuesday, February 16, 2021.

## V.    **CONCLUSION**

At present, this case is wreathed in uncertainty. Perhaps this Court has jurisdiction over Zimmerman's claims against Black Diamond. Perhaps it does not. In any event, the record is too sparse to  make a definitive ruling at this juncture. Thus, the parties must proceed to a limited jurisdictional discovery.

Therefore, it is

ORDERED THAT

1. Defendant Black Diamond Equipment, Ltd.'s Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is DENIED WITHOUT PREJUDICE;

2. Plaintiff Kathryn P. Zimmerman is directed to submit an affidavit from Parley Hannan swearing to her location when she purchased or ordered the belay device plaintiff alleges caused her injury, as well as any existing supporting documentation for that purchase, no later than Tuesday, January 26, 2021;

3. If plaintiff Kathryn P. Zimmerman submits that affidavit, defendant Black Diamond Equipment, Ltd. may take a deposition of Parley Hannan no later than Tuesday, February 16, 2021; and

4. If plaintiff Kathryn P. Zimmerman fails to provide proof that Parley Hannan

   purchased or ordered the belay device from New York state, defendant Black

   Diamond Equipment, Ltd. may renew its motion to dismiss under Rule 12(b)(2).

IT IS SO ORDERED.


Dated:  January 8, 2021
        Utica, New York.

David N. Hurd
U.S. District Judge

16