UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHRYN P. ZIMMERMAN

                Plaintiff,

  -v-                                        3:20-CV-892

CORNELL OUTDOOR EDUCATION;
CORNELL UNIVERSITY; and BLACK
DIAMOND EQUIPMENT, LTD.

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

BARRY, McTIERNAN & WEDINGER, P.C.    RICHARD W. WEDINGER, ESQ.
Attorneys for Plaintiff
10 Franklin Avenue
Edison, New Jersey 08837

BARRY, McTIERNAN LAW FIRM           SUZANNE M. HALBARDIER,
Attorneys for Plaintiff                                   ESQ.
101 Greenwich Street 14th Floor
New York, New York 10006

CORNELL UNIVERSITY OFFICE           CONRAD R. WOLAN, ESQ.
   OF COUNSEL                                       VALERIE L. DORN, ESQ.
Attorneys for Defendants Cornell Outdoor   ADAM PENCE, ESQ.
Education and Cornell University
300 CCC Building
235 Garden Avenue
Ithaca, New York 14853

LITTLETON, JOYCE LAW FIRM           ROBERT L. JOYCE, ESQ
   PURCHASE
Attorneys for Defendant Black Diamond
Equipment, Ltd.
4 Manhattanville Road, Suite 202
Purchase, New York 10577

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

On August 7, 2020, plaintiff Kathryn Zimmerman ("Zimmerman" or "plaintiff"), a student at Cornell University, filed this action against defendants Cornell Outdoor Education and Cornell University (collectively "Cornell"), and Black Diamond Equipment, Ltd. ("Black Diamond").  Dkt. No. 1 ("Compl."). Essentially, plaintiff alleges that she fell thirty-six feet while rock climbing after a belay device manufactured by Black Diamond malfunctioned.  *Id.*

On November 5, 2020, Black Diamond moved to dismiss all claims against it under Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction.  Dkt. No. 13.  All other parties opposed.  Dkt. Nos. 16, 17.  On January 8, 2021, the Court granted leave to conduct limited discovery into whether Parley Hannan ("Hannan"), Zimmerman's belayer, purchased the defective belay device in New York.  Dkt. No. 19 at 14.  Following this limited discovery, Black Diamond renewed its motion to dismiss on February 12, 2021. Black Diamond's renewed motion, having been fully briefed, will now be decided on the basis of the parties' submissions without oral argument.

### II. BACKGROUND

These factual allegations are taken from Zimmerman's complaint and the documents the parties provided after limited jurisdictional discovery.  The

2

allegations of the complaint are assumed to be true for the purpose of resolving Black Diamond's motion to dismiss.

On September 26, 2017, Zimmerman was enrolled as a student at Cornell, which offers rock climbing as an extracurricular activity at its Lindseth Climbing Center ("Lindseth Center"). Compl. ¶¶ 9, 18. Plaintiff worked at the Lindseth Center as a wall monitor, and on that day, she asked Hannan, a fellow wall monitor, to belay her. *Id.* ¶¶ 12, 23. Both plaintiff and Hannan were experienced rock climbers, and Hannon was certified to act as plaintiff's belayer. *Id.* ¶ 12.

Hannan used a Black Diamond ATC belay device to belay Zimmerman. Compl. ¶¶ 14-15. Plaintiff claims that as Hannan was belaying plaintiff, her hand "was pulled into and pinched by the [b]elay [d]evice[,]" causing her to drop the rope anchoring plaintiff to the rock-climbing wall. *Id.* ¶ 16. Suddenly unmoored, plaintiff fell thirty-six feet to the ground. *Id.* ¶ 17. As a result of her fall, she alleges she suffered three compression factures, a concussion, and now suffers from post-traumatic stress disorder. *Id.* ¶ 1.

On August 7, 2020, Zimmerman filed a complaint in this district against both Black Diamond and Cornell. Dkt. No. 1. Black Diamond first moved to dismiss the complaint for a lack of personal jurisdiction under Rule 12(b)(2) on November 5, 2020. Dkt. No. 13. In a Memorandum-Decision and Order dated January 8, 2021, this Court denied that motion without prejudice to renew. Dkt. No. 19 at 15. The Court found that it lacked the requisite information to rule on the propriety of its personal jurisdiction over Black Diamond, because whether

3

specific personal jurisdiction was proper turned on "where Hannan purchased the belay device that plaintiff blames for causing her to fall on September 26, 2017."[1] *Id.* at 14.  As a result, plaintiff was directed to submit an affidavit by Hannan swearing to where she purchased the ATC belay device.  *Id.*

On February 4, 2021, Zimmerman filed that affidavit, in which Hannan avers that she did not own the belay device that she used that night and that she does not recall from whom she borrowed the ATC belay device.  Dkt. No. 22-1 at ¶3.  However, she believes it belonged to either Cornell or her sister, Wynne Hannan ("Wynne").  *Id.*  Hannan further claims that if she borrowed the ATC belay device from her sister, then it was a red/maroon colored belay device purchased in New Paltz, New York from the Rock and Snow Shop.  *Id.* ¶4.

In response, Cornell submitted an affidavit by Andrew McLaughlin, the Climbing Program Coordinator at the Lindseth Center.  Dkt. No. 25-1.  That affidavit claims that following Zimmerman's fall, Wynne contacted him about recovering her ATC belay device.  Dkt. No. 25-1 at ¶8; *see also* Dkt. No. 25-3 at 2.  Additionally, he avers that he was present for the inspection of the scene of plaintiff's fall the next morning, and that he observed the belay device to be a "red/maroon Black Diamond ATC Guide Belay Device."  *Id.* ¶7; *see also* Dkt. No.

---

[1] It is possible that the Supreme Court's recent decision in *Ford Motor Company v. Montana Eighth Judicial District Court* made the location in which the belay device was purchased superfluous.  --- S. Ct. ---, 2021 WL 1132515 at *5-7 (Mar. 25, 2021) (holding that personal jurisdiction can attach if defendant's in-state activities "arise out of *or relate to*" the factual basis for the lawsuit (emphasis in original)).  The Court need not revisit that issue now, and for the reasons discussed below the applicability of *Ford* to this case is largely moot.  *Id.*

4

25-2 at 2-3. Last, McLaughlin attests that Cornell did not own or lend out any Black Diamond ATC belay devices at the time of plaintiff's fall. *Id.* ¶9.

### III. LEGAL STANDARD

If a defendant calls personal jurisdiction into question under Rule 12(b)(2), the burden of establishing jurisdiction falls to the plaintiff. *Nat'l Elec. Sys., Inc. v. City of Anderson*, 601 F. Supp. 2d 495, 497 (N.D.N.Y. 2009) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). To carry that burden, the plaintiff must "allege facts constituting a prima facie showing of personal jurisdiction." *Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497 (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1106 (2d Cir.1997)). At this early stage, all pleadings and factual ambiguities are construed in the plaintiff's favor. *Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497 (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994)).

However, the same is not true of argumentative inferences, nor will the court "accept as true a legal conclusion couched as a factual allegation[.]" *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal citations and quotation marks omitted). Moreover, on a motion to dismiss pursuant to Rule 12(b)(2), courts may consider materials outside the pleadings "without converting [the] motion . . . into a motion for summary judgment." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

Using those materials, a court must determine whether the plaintiff has made "legally sufficient allegations of jurisdiction," including "an averment of facts that,

5

if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (cleaned up) (internal citations and quotation marks omitted).

## IV. **DISCUSSION**

Under federal law, "courts are to apply the personal jurisdiction rules of the forum state[.]" *Penguin Grp.*, 609 F.3d at 35. New York law provides for specific personal jurisdiction pursuant to Civil Practice Law and Rules § 302 ("§ 302"). Section 302(a)(1) requires a plaintiff to demonstrate that: "(1) [t]he defendant . . . transacted business within the state; and (2) the claim asserted . . . arise[s] from that business activity." *Solé Resort, S.A. v. Allure Resorts Management, LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted).

A defendant need not be physically present in New York to transact business in that state, so long as that defendant engages in "[p]urposeful activities" or "volitional acts" through which the defendant "avails [it]self of the privilege of conducting activities within the . . . [s]tate, thus invoking the benefits and protections of its laws[.]" *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010) (internal citations and quotation marks omitted).

In analyzing a defendant's contacts, it is the "nature and quality" of the contacts that matter. *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 338-39 (S.D.N.Y. 2016) (internal quotation marks omitted). However, while "[r]andom, fortuitous, or attenuated" contacts are insufficient to establish jurisdiction under § 302(a)(1), *id.*, "[a] single sale may be sufficient provided that the defendant's

6

activities were purposeful and there was a substantial relationship [or nexus] between the transaction and the claim asserted." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) (internal citations omitted).

The facts presented by Zimmerman and Cornell support a finding of specific personal jurisdiction. McLaughlin's affidavit that the allegedly faulty belay device was red/maroon in color and belonged to Wynne bolsters Hannan's recollection that she likely borrowed the belay device that she used on September 26, 2017 from her sister. That McLaughlin's affidavit is itself supported by contemporaneous evidence in the form of photographs and emails also makes it much more likely that the belay device was Wynne's.

Hannan's affidavit also establishes that Wynne purchased her belay device from a retailer in New York state in 2015. Assuming that Hannan's affidavit is true, as the court must on a motion to dismiss, Zimmerman has made a prima facie showing that the belay device was purchased in New York through a retailer.

For its part, both Black Diamond's opening brief and its reply focus solely on Hannan's affidavit without mention of the additional evidence provided by Cornell. Dkt. Nos. 23-1; 26. Further, its legal argument against jurisdiction focuses almost exclusively on Hannan's affidavit being impermissible hearsay. *Id*. In support of this argument, Black Diamond cites case law deciding motions for summary judgment. Dkt. No. 23-1 at 10. While the Court acknowledges that it is possible that the statements in Hannan's affidavit may constitute hearsay insufficient to defeat a motion for summary judgment, that is not the procedural

7

posture here. Defendant has brought only a motion to dismiss on Zimmerman's pleadings. To defeat that motion, plaintiff need only plausibly "allege facts constituting a prima facie showing of personal jurisdiction." *Nat'l Elec. Sys.*, 601 F. Supp. 2d at 497.

Zimmerman has made that showing here. First, plaintiff has established that Black Diamond sells its products to retailers in New York, who then sell those products to New York customers. Second, plaintiff has made a prima facie showing that on the day of her fall, Hannan was belaying plaintiff using a belay device purchased through the retailer Rock and Snow Shop in New York state. Thus, there is a sufficient nexus between Black Diamond's business transaction and the claim asserted in plaintiff's complaint. Accordingly, plaintiff has made a prima facie showing of specific personal jurisdiction under § 302(a)(1).

But that does not end the analysis. After all, New York's specific personal jurisdiction statute does not comport in all respects with the constitutional limits of due process. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60-61 (2d Cir. 2012). As a result, there are "gaps" between the jurisdiction conferred under the CPLR and the due process clause. *Id.* (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245 (2d Cir. 2007)). Therefore, once a court determines that there is a basis for personal jurisdiction under New York law, it must determine whether the exercise of personal jurisdiction comports with the due process clause of the Constitution. *Id.*

To satisfy the due process clause, a plaintiff must make a three-part showing. First, plaintiff must demonstrate that the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted).

If a plaintiff makes that showing, the second step tasks her with demonstrating that "the litigation results from alleged injuries that 'arise out of or relate to'" defendant's transmission of goods in the jurisdiction. *In re Terrorist Attacks*, 714 F.3d at 674 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Finally, for the third step, the Court "considers those contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *U.S. Bank*, 916 F.3d at 151 (internal citations and quotation marks omitted).

When this matter was last before the Court, it was determined that Zimmerman's failure to establish the second step precluded a finding of personal jurisdiction under the due process clause. Dkt. No. 19 at 13. In its renewed motion to dismiss, Black Diamond's argument consists of a single sentence, "[t]he Hannan affidavit does not solve Plaintiff's due process problem because it does not bridge the void between Plaintiff's claims against Black Diamond and Black Diamond's New York contacts." Dkt. No. 23-1 at 12. Plaintiff's opposition brief

9

and Cornell's reply brief were equally devoid of law or factual analysis on this issue. Dkt. Nos. 24-2; 25.

As discussed *supra*, Zimmerman has plausibly established that the Black Diamond ATC belay device belonged to Wynne who purchased her device at Rock and Snow Shop in New York state. Dkt. No. 22 at ¶4. Black Diamond's sale of the allegedly defective belay device through a distributor in New York sufficiently demonstrates that the present litigation arises out of Black Diamond's transmission of goods within New York. Accordingly, plaintiff has established that jurisdiction over Black Diamond comports with the due process clause of the Constitution.[2]

V. **CONCLUSION**

Zimmerman has demonstrated that specific personal jurisdiction over Black Diamond is proper under both New York law and the federal due process clause.

Therefore, it is

ORDERED THAT

1. Black Diamond's motion to dismiss for lack of jurisdiction is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] Because personal jurisdiction is proper notwithstanding *Ford*'s apparent expansion of its reach, the Court need not consider that case's application to the present facts. 2021 WL 1132515 at *5-7.